# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JAMES IDA,**

        Petitioner,

    v.                          **CIVIL ACTION NO. 5:10cv57**
                                        **(Judge Stamp)**

**KUMA J. DEBOO,**

        Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On May 24, 2010, the *pro se* petitioner, James Ida, an inmate at FCI Gilmer, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241. The petitioner paid the required filing fee on that same date. This matter is pending before me for an initial review and Report and Recommendation pursuant to LR PL P 83.09.

### II. FACTS

The petitioner was one of several defendants named in a sixty count indictment issued in the United States District Court for the Southern District of New York. A superceding indictment was filed on December 4, 1996. On December 6, 1996, the petitioner entered a plea of not guilty. Following a multi-day trial, the plaintiff was found guilty on 10 counts, including Federal Racketeering in violation of 18 U.S.C. § 1962; Conspiracy, Murder, Kidnap in violation of 18 U.S.C. § 1959; Illegal Gambling in violation of 18 U.S.C. § 1955; Conspiracy to Defraud the United States in violation of 18 U.S.C. § 371; and Frauds and Swindles in violation of 18 U.S.C. § 1341. On October 7, 1997, the petitioner was sentenced pursuant to the sentencing reform act of 1984 to a total term of life on counts 1 and 2; 10 years on each of counts 9 and 11; 5 years on each of counts 18, 21, 43-45, 58 and 59 each term to run

1

concurrently with each other. (See 1:96-cr-00430-LAK-3, United States District Court for the Southern District of New York). On or about October 10, 1997, a notice of appeal was filed on behalf of the respondent. On April 30, 1999, in a published opinion, the Court Of Appeals for the Second Circuit affirmed in part and reversed with respect to conspiracy to murder Desimone. See U.S. v. Bellomo, 176 F.3d 580 (2nd Cir. 1999). Thereafter, on October 15, 1999, the petitioner filed a Motion for a new trial based on newly discovered evidence.[1] The district court denied the motion on December 15, 1999, and on appeal the decision was affirmed. U.S. v. Ida, 225 F.3d 647 (2nd Cir. 2000). On November 8, 2000, the petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. As grounds for relief, the petitioner alleged that (1) the government violated its disclosure obligations under Brady and Giglio; (2) he was deprived of the effective assistance of counsel; (3) that Apprendi requires reversal of the criminal forfeiture verdict; (4) the testimony of two of the government's witnesses should have been excluded under United States v. Singleton; and (4) jury tampering and juror misconduct occurred. On June 5, 2002, the district court denied the motion to vacate. Ida v. U.S., 207 F. Supp.2d 171 (S.D.N.Y. 2002). The petitioner's motion for a certificate of appealability was denied by the Court of Appeals on September 23, 2003. (See 1:96-cr-00430-LAK-3, United States District Court for the Southern District of New York, Dckt. 694). On October 9, 2008, the petitioner filed another Motion to Vacate pursuant to 28 U.S.C. § 2255. However, after being given notice, the petitioner failed to file an application with the Court of Appeals requesting authorization to file a second or successive habeas petition. Accordingly, the matter was closed. See 1:08-cv-08644-LAK United States District Court for the Southern District of New York.

### III. Claims of the Petition

---

[1] The petitioner argued that (1) Barbara A. Ward, an Assistant United States Attorney allegedly involved in the grand jury proceedings that let to his indictment, was not licensed to practice law in the State of new York during his participation in the proceedings; (2) federal law requires Assistant United States Attorneys to be licensed in the state containing the District to which they are assigned, and (3) therefore, Ward's presence before the grand jury violated Federal Rule of Criminal Procedure 6(d)(1) because she was not properly an "[a]ttorney [ ] for the government."

2

In support of his § 2241 petition before this Court, the petitioner states the following ground for relief:

> 1. Petitioner's case was presented to the Grand Jury by a A.U.S.A. that was not licensed by the New York State Bar. A prosecutor whose appointment is defective creates a jurisdictional defect, and a defective indictment. It is clear that government prosecutors have to be licensed in the State where the District Court in which the prosecution takes place is located.

For relief, the petitioner "would request the Honorable Court to Issue an order dismissing the Indictment and whatever other relief the court deems just and proper." (Dckt. 1, p. 7).

## IV. Analysis

### A. Lack of Jurisdiction

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. A petition for writ of habeas corpus, pursuant to section 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. While the terms of section 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under section 2241, there is nonetheless a "savings clause" in section 2255, which allows a prisoner to challenge the validity of his conviction under section 2241 **if** he can demonstrate that section 2255 is "inadequate or ineffective to test the legality of his detention." Title 28 U.S.C. § 2255. A petitioner bears the burden of demonstrating that the section 2255 remedy is "inadequate or ineffective," and the standard is an extremely stringent one. In the Fourth Circuit, section 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction **only** when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**

> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

In this case, the petitioner is not challenging the execution of his sentence, but instead is challenging his conviction. Although the petitioner has not raised the savings clause, it is clear that he is not entitled to its application. In the instant case, even if the petitioner satisfied the first and the third elements of Jones, violations of 18 U.S.C. §§ 371, 1955, 1959 and 1962 all remain criminal offenses, and therefore the petitioner cannot satisfy the second element of Jones. Consequently, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy, and he has improperly filed a §2241 petition.[2]

## V. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be **DENIED and DISMISSED.**

Any party may file, within fourteen (14) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket

---

[2] Moreover, the petitioner has already raised this claim in both his motion for a new trial, and his appeal of the district court's denial of that motion.

4

sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: June 1, 2010.

       /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE